# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.S.G., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security. <br><br> Defendant. | Case No.: 1:16-cv-1538-BAM <br><br> ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR EXTENSION OF TIME FOR PLAINTIFF TO FILE OPENING BRIEF |

On October 12, 2016, Plaintiff filed the present action seeking review of the Commissioner's denial of an application for benefits. On October 21, 2016, the Court issued a scheduling order. (Doc. 5). The scheduling order states that in the event Defendant does not agree to a remand, within thirty (30) days of service of Defendant's response to Plaintiff's confidential letter brief, Plaintiff shall file an opening brief. (Doc. 5 at ¶ 6.) On May 17, 2017, Defendant filed a certificate of service stating that her response to Plaintiff's confidential letter brief was served on May 17, 2017. (Doc. 16). Plaintiff's opening brief was due on June 16, 2017.

After Plaintiff's deadline had passed for filing her opening brief, Plaintiff filed a stipulation on June 20, 2017, to request an extension to "August 15, 2017." (Doc. 17). Plaintiff states that this is a "first request" for "a thirty-day extension" of time and that the request is warranted because additional time is needed to "fully research the issues presented." (Doc. 17). Plaintiff further states that she is unavailable due to family matters occurring "since July 16, 2016," but that she hopes to return to work on "July 24, 2016." (Doc. 17).

As written, the Court is unable to determine whether Plaintiff's stipulation contains at best, unfortunate typographical errors, or at worst, several intentional misstatements. First,

-1-

contrary to the stipulation this is Plaintiff's second request for an extension of time. On May 5, 2017, the Court granted Plaintiff's request for an extension of time to serve Plaintiff's confidential letter brief. (Doc. 15). Second, because Plaintiff's opening brief was due on June 16, 2017, an extension of time to August 15, 2017, constitutes a sixty-day extension. If Plaintiff in fact requests a thirty-day extension, or until July 16, 2017, the stipulation must clearly state so. Plaintiff's stipulation also does not explain why the request for an extension of time was not filed until after the deadline had passed. Finally, while the Court presumes that Plaintiff's counsel intended to state that she plans to return to work in late July of this year and not July 2016 as mentioned in the stipulation, this error coupled with the other errors addressed above precludes the Court from granting Plaintiff's stipulation as written.

Thus, in light of the fact that Plaintiff's stipulation contains several errors and was filed after the deadline without an explanation for the delay in seeking an extension, the stipulation for an extension of time for Plaintiff to file her opening brief is DENIED without prejudice subject to renewal. Plaintiff's counsel is advised that she should be careful that the information provided to the Court is correct. Plaintiff is further advised that requests to modify the briefing schedule that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension. L.R. 144(d). If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

Accordingly, IT IS HEREBY ORDERED that the stipulation for an extension of time for Plaintiff to file her opening brief (Doc. 15) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 30, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE